IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. RDB 21-0427 |
| | * | |
| WILLIAM JOHNSON, JR., | * | |
| | * | |
| Defendant | * | |
| | * | |
| ******* | | |

## THIRD MOTION TO EXCLUDE TIME
## PURSUANT TO THE SPEEDY TRIAL ACT

Comes now the United States of America, by and through its counsel, Erek L. Barron, the United States Attorney for the District of Maryland, and Christine Goo and Leo Wise, Assistant United States Attorneys for said district, respectfully submits this Second Motion to Exclude Time Pursuant to the Speedy Trial Act and moves to exclude time from the speedy trial calculations pursuant to 18 U.S.C. § 3161(h).

### BACKGROUND

1. On October 26, 2021, the Defendant appeared in the United States District Court for the District of Maryland on an indictment charging him with an honest services wire fraud scheme, which included six counts of wire fraud. The Government has provided two rounds of discovery to defense counsel.

2. On December 17, 2022, the Government filed a consent Motion to Exclude Time pursuant to the Speedy Trial Act from October 26, 2021, through February 15, 2022. ECF No. 7. This motion was granted on January 12, 2022. ECF No. 11.

3. On January 12, 2022, the Court issued a Scheduling Order in the case *sub judice*. The Court scheduled the following dates in this matter: motions to be filed by June 24, 2022, a pre-trial conference to occur on October 12, 2022, and a trial to commence on October 17, 2022.

4. On September 14, 2022, the Court issued a revised Scheduling Order which included the following dates: Pretrial Conference on April 12, 2023 at 4:00p.m. and a jury trial to commence on April 17, 2023. This revised Scheduling Order was agreed to by the parties in this matter and defense counsel agreed to a Speedy Trial Motion at that time.

**LEGAL STANDARD**

5. The Speedy Trial Act requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, 18 U.S.C. § 3162(a)(2). Certain periods of time, however, are excluded from this 70-day clock. 18 U.S.C. § 3161(h). Some periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness, 18 U.S.C. § 3161(h)(3)(A), and other periods of time are excluded only when a judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," 18 U.S.C. § 3161(h)(7)(A).

6. The Supreme Court has emphasized that the Speedy Trial Act's ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(A), "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a continued case. *Zedner v. United States*, 547 U.S. 489, 500 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" 18 U.S.C. § 3161(h)(7)(A). *Id.* at 507. Similarly, the Speedy Trial Act requires that, in granting an ends-of-justice continuance, "the court sets forth, in the record of the case, either orally or in

2

writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

**ARGUMENT**

7.      The parties will review discovery and discuss possible resolution of this matter short of trial and complete discovery.  Section 3161 has been interpreted to include a number of different proceedings and events concerning a defendant, including "delays resulting from plea negotiations."  *United States v. Ford*, 288 Fed. Appx. 54, 58 (4th Cir. 2008) (unpublished) (approving exclusion of time spent on plea negotiations); *United States v. Fabian*, 798 F. Supp. 2d 647, 673 (D. Md. 2011) (same).]

8.      In addition, due to the restrictions imposed by current public-health concerns—particularly given the complexity of this case—it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within Speedy Trial Act time limits.  Under these unusual and emergent circumstances, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Wherefore, the Government respectfully requests that the court enter an Order excluding time under the Speedy Trial Act pursuant to Title 18, United States Code, Sections 18 U.S.C. '§ 3161 (h)(1)(D) and (h)(7)(A), for the period from October 17, 2022, until April 17, 2023, or subject to further Order of this court, and that the Court further Order that the interests of justice served by the requested exclusion of time outweigh the interests of the public and the Defendant in a speedy trial.  A proposed Order is submitted herewith.

Counsel for the defendant, Andrew Alperstein and Joseph Pappafotis, do not object to this request.

## **CONCLUSION**

Based on the foregoing, the Court should enter a case-specific order finding the time between October 17, 2022, until April 17, 2023, excludable time under 18 U.S.C. § 3161(h)(7) and § 3161(h)(3)(A).  However, nothing in the Court's order should preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  A proposed Order is submitted herewith.

                                        Respectfully submitted,

                                        Erek L. Barron
                                        United States Attorney

By:     /s/_____
          Christine Goo
          Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | *   CRIMINAL NO. RDB 21-0427 |
| WILLIAM JOHNSON, JR., | * |
| Defendant | * |

*******

### ORDER

Upon consideration of the Government's Motion to Exclude Time, it is, this _____ day of March, 2023,

ORDERED that the Court finds that any delay in the trial of the above case between October 17, 2022, until April 17, 2023, or until such date as the parties to review and complete discovery and commence in any plea negotiations and for the Court to resolve any pretrial motions and other matters pertaining to the trial of the Defendant shall be excluded pursuant to Title 18 U.S.C. § 3161 (h)(1)(D) and (h)(7)(A), for the reasons set forth herein and in the government's motion.

The Court further finds, for the reasons stated in the government's motion, that any delay resulting from the continuance of the imposition of dates for the filing of pretrial motions, the motions hearing and the trial of this case is in the interest of justice and outweighs the interests of the public and the Defendant in a speedy trial.

IT IS SO **ORDERED**.

Signed this _____ of March _____, 2023.

_____
HONORABLE RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE
DISTRICT OF MARYLAND